UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KYNA WIMBUSH, LATOYA WIMBUSH, CHRISTINA PHILON, JAMILA JOHNSON, KY'ANDRIA WIMBUSH | * * | CIVIL ACTION |
| VERSUS | * | NO.: 19-13641 |
| ARMANDO PEREZ, GUSTAVO JIMENEZ AND STARR INDEMNITY AND LIABILITY COMPANY | * * | SECTION: |
| *   *   *   *   *   *   *   *   * | | |

**NOTICE OF REMOVAL**

TO: Clerk of Court
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room C-151
New Orleans, Louisiana 70130

Defendants Armando Perez, Gustavo Jimenez, and Starr Indemnity Insurance Company ("Starr")(hereinafter sometimes collectively referred to as "Defendants"), respectfully submit this Notice of Removal of the above-styled matter, and as cause therefore shows as follows:

1.

This action was originally commenced by Plaintiffs Kyna Wimbush, Latoya Wimbush, Christina Philon, Jamila Johnson, and Ky'Andria Wimbush ("Plaintiffs"), on October 4, 2019, through the filing of a Petition for Damages (hereinafter sometimes referred to as "Petition") in Civil District Court for the Parish of Orleans, State of Louisiana, entitled *Kyna Wimbush, Latoya Wimbush, Christina Philon, Jamila Johnson, and Ky'Andria Wimbush v. Armando Perez,*

*Gustavo Jiminez, and Starr Indemnity Insurance Company* bearing case number 2019-10482, Division M-13.[1]

2.

The Petition alleges personal injuries claimed by Plaintiffs allegedly resulting from an alleged motor vehicle accident on or about October 5, 2018, in New Orleans, Louisiana.[2]

3.

In their Petition, Plaintiffs named Armando Perez, Gustavo Jimenez, and Starr as defendants.[3]

4.

Plaintiff's Petition was filed on October 4, 2019 and citations were issued to the respective Defendants on October 16, 2019.[4] To date, the state court record does not contain any returns of service.[5] However, Starr was served with the lawsuit through the Louisiana Secretary of State on October 31, 2019, which is the date on which any defendant first received, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which this action is based. Gustavo Jimenez was served on November 13, 2019, and Armando Perez has not been served with a citation or the Petition.

**SUMMARY OF THE GROUNDS FOR REMOVAL**

5.

---

[1] *See* generally Exhibit "A," Copies of All Process, Pleadings, and Orders contained in the record of the Clerk of the Court, Civil District Court, Orleans Parish.

[2] See Exhibit A at Petition at paragraph 4.

[3] See Exhibit A at Petition at paragraph 1.

[4] See Exhibit A.

[5] See Exhibit A.

Because complete diversity of citizenship exists between Plaintiff and the Defendants, and the amount in controversy exceeds $75,000, this Court has original subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a). Consequently, this case is removable under 28 U.S.C. § 1441(a).

## VENUE

6.

Under 28 U.S.C. § 1441(a), this action may be removed to the district court of the United States for the district and division embracing the place where the state court action is pending. Venue for this removal is, therefore, proper in the United States District Court for the Eastern District of Louisiana, as this is the district and division embracing Orleans Parish.[6]

## PROCEDURAL COMPLIANCE

7.

This Court has jurisdiction over this matter and it is properly removed to this Court pursuant to 28 U.S.C. § 1332, 28 U.S.C. §1441, and 28 U.S.C. §1446.

8.

Pursuant to 28 U.S.C. § 1446(a) and § 1447(b), copies of all pleadings and orders in the state court record, including "all process, pleadings and orders served upon" Defendants, are attached hereto as Exhibit "A."

9.

Pursuant to 28 U.S.C. § 1446(d), promptly upon filing this Notice of Removal, Defendants will send written notice and a copy of the Notice of Removal to all counsel of record

---

[6] *See* 28 U.S.C. § 98(a).

and will file a copy of the Notice of Removal with the Clerk of Court for Civil District Court for the Parish of Orleans, Louisiana.

10.

All defendants have joined in the removal of this action therefore satisfying the requirements of 28 U.S.C. § 1446(b)(2)(A).

**TIMELINESS OF NOTICE OF REMOVAL**

11.

Starr was served with the Petition and Citation on October 31, 2019 and Gustavo Jimenez was served on November 13, 2019.[7] To date, Armando Perez has not been served with a citation or the Petition.

12.

This removal is effected and has been timely filed within thirty (30) days of Starr receiving, through service, a copy of the initial pleading setting forth the claim for relief upon which this action is based and within one (1) year after commencement of the action, as allowed by 28 U.S.C. § 1446(b).[8]

**BASIS FOR REMOVAL – DIVERSITY JURISDICTION**

13.

The Court's removal jurisdiction is based on diversity jurisdiction under 28 U.S.C. § 1332, which exists when there is complete diversity of citizenship and the amount in

---

[7] See Exhibit A.

[8] *See Thompson v. Deutsche Bank Nat'l Trust Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999)).

controversy exceeds $75,000, exclusive of interest and costs.[9] Under Section 1332, this Court has diversity jurisdiction over this civil action, as Plaintiffs are completely diverse in citizenship from Defendants, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### A. Plaintiffs are Completely Diverse in Citizenship from Defendants

14.

For purposes of diversity jurisdiction, natural persons, such as Plaintiff, are citizens of the state where they are domiciled.[10] Domicile is the state where a person resides and intends to remain indefinitely.[11] Although a person's residence in a state does not, by itself, establish domicile, "residence . . . is prima facie proof of . . . domicile."[12] In determining domicile, the court may consider where a person "exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family."[13]

15.

Plaintiffs are persons of the age of majority and, upon information and belief, at the time of the filing of the Petition and at all times thereafter, Plaintiff s were/are domiciled in the States

---

[9] 28 U.S.C. § 1332; *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003).

[10] *Freeman v. NW Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985).

[11] *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 798 (5th Cir. 2007).

[12] *Hollinger v. Ho12.me State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

[13] *Acridge v. Evangelical Lutheran Good Samaritan Soc'y*, 334 F.3d 444, 448 (5th Cir 2003) (citations omitted).

of Louisiana, Florida and Michigan.[14] For purposes of federal diversity jurisdiction, citizen and domicile are synonymous.[15] As such, Plaintiffs are citizens of the States of Louisiana, Florida, and Michigan for purposes of federal diversity jurisdiction.[16]

16.

At the time of the filing of the Petition, and at all times thereafter, Gustavo Jiminez was and is a citizen of the state of Texas.[17] Consequently, for purposes of diversity jurisdiction, Gustavo is a citizen of Texas.

17.

At the time of the filing of the Petition, and at all times thereafter, Armando Perez was and is a citizen of the State of Texas.[18] Consequently, for purposes of diversity jurisdiction, Perez is a citizen of Texas.

18.

Starr is a corporation. 28 U.S.C. § 1332 (c)(1) states that

---

[14] See Exhibit "A," at Plaintiff's Petition indicating in the introductory paragraph that Plaintiffs are "residents and domiciliary of the Parish of Jefferson, State of Louisiana, County of Monroe, State of Michigan, County of Tampa, State of Florida…"

[15] See Hendry v. Masonite Corp., 455 F.2d 955 (5th Cir. 1972); Freeman v. NW Acceptance Corp., 754 F.2d 553, 555 (5th Cir. 1985). Domicile is the state where a person resides and intends to remain indefinitely. Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc., 485 F.3d 793, 798 (5th Cir. 2007).

[16] See Freeman, 754 F.2d at 555 (holding natural persons are citizens of the state where they are domiciled).

[17] See Exhibit "A," at Plaintiff's Petition at paragraph 1(1) correctly alleging Jimenez to be a resident and domiciliary of the Country (sic) of El Paso, State of Texas.

[18] See Exhibit "A," at Plaintiff's Petition at paragraph 1(2) correctly alleging "Armando Perez [is]… a resident and domiciliary of the Parish (sic) of San Elizario, State of Texas."

(1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—

(A) every State and foreign state of which the insured is a citizen;
(B) every State and foreign state by which the insurer has been incorporated; and
(C) the State or foreign state where the insurer has its principal place of business; (emphasis added)

19.

At the time of the filing of the Petition, and at all times thereafter, Starr was and is incorporated under the laws of the State of Texas, with its principal place of business in New York.[19] As explained above, Starr's insureds Armando Perez and Gustavo Jimenez are citizens of Texas. Consequently, for purposes of diversity jurisdiction, Starr is considered a citizen of Texas and New York.

20.

Based on the foregoing, there is complete diversity of citizenship of the parties, as Plaintiffs are citizens of the states of Louisiana, Florida, and Michigan, and Defendants are citizens of the states of Texas and New York.

B. **The Amount In Controversy Exceeds $75,000.**

21.

The Fifth Circuit has articulated a "clear analytical framework" for assessing the amount-in-controversy requirement of 28 U.S.C. § 1332 in cases removed from Louisiana state court on

---

[19] See information from Louisiana Department of Insurance regarding Starr, a copy of which is attached hereto as Exhibit "B", identifying Starr as being domiciled in Texas with its principal place of business in New York.

the basis of diversity jurisdiction, where the plaintiff is prohibited from pleading a specific numerical value of damages in his petition.[20] Under the framework set forth by the Fifth Circuit, the defendant removing an action from Louisiana state court must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[21] The removing defendant can satisfy this burden by demonstrating in its notice of removal that, based on the facts alleged in the petition, it is "facially apparent" that plaintiffs' claims probably exceed $75,000.[22] Indeed, a defendant is not required to submit evidence with its notice of removal.[23] Once the defendant establishes the amount in controversy is sufficient, removal is proper unless the plaintiff can show "that it is legally certain that his recovery will not exceed the amount stated."[24]

22.

In a delictual action such as this, the Louisiana Rules of Civil Procedure prohibit plaintiffs from including any "specific monetary amount of damages" in a petition for damages "except that if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages, . . . a general allegation that the claim exceeds or is less than the requisite amount is required."[25] Here, Plaintiffs failed to provide any such general allegation to establish the lack of this Court's jurisdiction in their Petition.

---

[20] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 2000); *see also* La. Code Civ. Proc. art. 893.

[21] *E.g.*, *Felton*, 324 F.3d at 773–74; *Loque v. Allstate Ins. Co.*, 314 F.3d 776, 779 (5th Cir. 2002).

[22] *Id*.

[23] *Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014).

[24] *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003).

[25] La. Code Civ. Proc. art 893(A)(1).

23.

In their Petition, Plaintiffs allege that they respectively suffered

severe personal injuries from the accident to the muscles, ligaments, tendons, blood vessels, nerves and other soft tissue structures of the cervical, lumbar, and thoracic regions of the spine, injuries to the nervous system and psyche, aggravations, precipitation and/or the exacerbation of prior existing non-debilitating predispositions, and include without limitation, normal degenerative changes.[26]

24.

In their Petition, Plaintiffs further allege that they respectively suffered

severe pain and suffering as well as keen mental and emotional anguish and distress they have all incurred expenses for medical care and treatment which they otherwise would not have incurred they ultimately lost wages both past, present, and future and their earning capacity has been diminished and they have all been handicapped in their normal activities. These conditions may continue, worse, or become permanent, and the full residuals and sequelae of their injuries are as yet not fully known, but have been and will be severe.[27]

25.

Plaintiff also prays for any other general or equitable relief.[28]

26.

Based on all of the foregoing, it is apparent from the face of the Petition and that the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.[29] Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

---

[26]   See Exhibit A at petition at paragraph 6.

[27]   See Exhibit at Petition at paragraph 7.

[28]   See Exhibit at Petition at last paragraph.

[29]   See *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) in which the United States Fifth Circuit Court of Appeals held that it was facially apparent from a petition that the amount in controversy exceeded $75,000 when the plaintiff alleged that she sustained injuries to her right wrist, left knee and patella, and upper and lower back and alleged damages for

**JURY DEMAND**

27.

Defendants hereby pray for a trial by jury on all issues raised in Plaintiffs' Petition.

**CONCLUSION**

28.

This civil action is one in which this court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different states, wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

29.

Pursuant to 28 U.S.C. § 1446(d), Plaintiffs' counsel is being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of Court for Orleans Parish Civil District Court.

30.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal and that, to the best of his knowledge, information, and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and that it is not interposed for any improper purpose.

31.

By filing this Notice of Removal, Defendants do not waive and hereby reserve all defenses and objections to Plaintiff's Petition for Damages.

---

medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement.

WHEREFORE, Defendants, Armando Perez, Gustavo Jimenez, and Starr Indemnity Insurance Company respectfully request that this Court assume full jurisdiction over this matter as provided by law because all properly joined parties are completely diverse and the requisite jurisdictional amount in controversy has been met.

                                            Respectfully submitted,

/s/ William Barousse
ERNEST P. GIEGER, JR. (No. 6154)
Email: egieger@glllaw.com
WILLIAM A. BAROUSSE (29748)
Email: wbarousse@glllaw.com
JACKSON SMITH (No. 38406)
Email: jsmith@glllaw.com
GIEGER, LABORDE & LAPEROUSE, L.L.C.
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
ATTORNEYS FOR ARMANDO PEREZ, GUSTAVO JIMENEZ AND STARR INDEMNITY AND LIABILITY COMPANY

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon:

Vanessa Motta, Esq.
Email: Vanessa@mottalaw.com
Motta Law, LLC
3632 Canal Street
New Orleans, Louisiana 70119
ATTORNEY FOR PLAINTIFFS

by depositing same in the United States mail, postage prepaid and properly addressed this 14th day of November, 2019.

                                            /s/ William Barousse