UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LATOYA WIMBUSH, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-13641** |
| **ARMANDO PEREZ, ET AL** | **SECTION: "S" (5)** |

ORDER AND REASONS

**IT IS ORDERED** that defendants' **Motion to Stay Proceedings** (Rec. Doc. 25) is **GRANTED**.

Before the court is a motion to stay these proceedings filed by defendants, premised on an ongoing criminal investigation that may be related to this case. The court is also aware of a criminal investigation that may involve this proceeding and has resulted in the staying of numerous other cases.[1]

"In determining whether to stay civil cases in the face of parallel criminal proceedings, courts consider 1) the overlap between the civil and criminal case; 2) the status of the criminal case; 3) private interests of the plaintiff; 4) private interest of the defendants; 5) the interests of

---

[1] Orders staying similar cases include Lee v. Sentry Casualty Co., No. 19-9978, Rec. Doc. 13; Barre v. Roehl Transp., Inc., 19-9799, Rec. Doc. 30; Williams v. U.S. Fire Ins. Co., 18-14000, Rec. Doc. 28; Charles v. Rose, 18-12153, Rec. Doc. 33; Smith v. Tensley, No. 18-9464, Rec. Doc. 32; Reese v. Great West Cas. Co, No. 18-8336, Rec. Doc. 154; Reff v. Werner Enterprises, Inc., No. 18-8350, Rec. Doc. 106; Warren v. Rosstrans & Services, LLC, No. 18-7599, Rec. Doc. 64; Dorsey v. Jamair, No. 18-6603, Rec. Doc. 162; Thomas v. Chambers, No. 18-4373, Rec. Doc. 220; Frazier v. Runnels, No. 18-2340, Rec. Doc. 111; and Henderson-Burkhalter v. National Union Fire Insurance Co., No. 18-928, Rec. Doc. 135.

the court; and 6) the public interest."[2] The court finds that it is in the best interest of the parties, the court, and the public to stay this proceeding pending the conclusion of this criminal investigation. This stay will protect plaintiffs from any risks associated with testifying in this proceeding while this criminal investigation is pending. This stay is also in defendants' interests, because proceeding to trial before the criminal investigation concludes could result in certain witnesses invoking their Fifth Amendment privilege.

This stay applies to all aspects of this litigation, including any pending motions currently before Magistrate Judge North. The matter may be reopened upon the motion of either party demonstrating that the criminal investigation has concluded, at which time a new trial date will be set. Finally, plaintiffs are advised that they should obtain independent legal advice concerning any risks they may face in continuing with this litigation. Accordingly;

**IT IS ORDERED** that defendants' **Motion to Stay Proceedings** (Rec. Doc. 25) is **GRANTED**, and this case is **STAYED** and administratively closed.

New Orleans, Louisiana, this   15th   day of July, 2020.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[2] Dolan v. Parish of St. Tammany, 2013 WL 3270616, at *6 (E.D. La. June 26, 2013).