UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LATOYA WIMBUSH, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-13641** |
| **ARMANDO PEREZ, ET AL** | **SECTION: "S" (5)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiffs' **Motion for Reconsideration** (Rec. Doc. 34) is **DENIED**.

This is a motor vehicle accident case that was stayed by the court on motion of the defendants due to the existence of an ongoing federal investigation. Rec. Doc. 33. Numerous similar cases in this district have been stayed on the same basis.[1] Following the court's order staying this matter, plaintiffs' counsel filed the instant motion requesting that the court reconsider its stay order.

While the Federal Rules of Civil Procedure do not explicitly recognize a motion for reconsideration, the general practice in the United States District Court for the Eastern District of Louisiana has been to evaluate motions to reconsider interlocutory orders under the same

---

[1] See, e.g., Lee v. Sentry Casualty Co., No. 19-9978, Rec. Doc. 13; Barre v. Roehl Transp., Inc., 19-9799, Rec. Doc. 30; Williams v. U.S. Fire Ins. Co., 18-14000, Rec. Doc. 28; Charles v. Rose, 18-12153, Rec. Doc. 33; Smith v. Tensley, No. 18-9464, Rec. Doc. 32; Reese v. Great West Cas. Co., No. 18-8336, Rec. Doc. 154; Reff v. Werner Enterprises, Inc., No. 18-8350, Rec. Doc. 106; Warren v. Rosstrans & Services, LLC, No. 18-7599, Rec. Doc. 64; Dorsey v. Jamair, No. 18-6603, Rec. Doc. 162; Thomas v. Chambers, No. 18-4373, Rec. Doc. 220; Frazier v. Runnels, No. 18-2340, Rec. Doc. 111; and Henderson-Burkhalter v. National Union Fire Insurance Co., No. 18-928, Rec. Doc. 135.

standards that apply to motions to alter or amend final judgments made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. See, e.g., West v. Rieth, 2016 WL 952253, at *1 (E.D. La. Mar. 4, 2016) (Africk, J.); Bernard v. Grefer, 2015 WL 3485761, at *5 (E.D. La. June 2, 2015) (Fallon, J.), Castrillo v. Am. Home Mortg. Servicing, Inc., 2010 WL 1434398, at *3-4 (E.D. La. Apr. 5, 2010) (Vance, J.). A Rule 59(e) motion calls into question the correctness of a judgment. In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." Id. "Finally, a Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." In re Katrina Canal Breaches, 2007 WL 496856, at *1 (E.D. La. Feb. 12, 2007).

    Plaintiffs' motion identifies three reasons to reconsider the prior ruling. First, plaintiffs contend that neither they nor their counsel have been informed of an ongoing investigation. Second, plaintiffs' counsel argues that one of the court's stated reasons for granting the motion to stay is inapplicable. Specifically, they argue that while the court found that the stay would protect plaintiffs from any risks associated with testifying in this proceeding, plaintiffs "certify" via a statement made in plaintiffs' brief, that none of the plaintiffs intend to invoke any $5_{th}$ Amendment privilege, and that each has been advised of any possible issues concerning their right to invoke the $5_{th}$ Amendment and waive any such constitutional rights. Third, plaintiffs argue that the court is not empowered to issue an indefinite stay.

    The first two arguments were made and rejected in connection with the prior motion to stay. Clearly, the fact that plaintiffs' counsel has not been informed by authorities of an

investigation is not proof that there is no investigation. With respect to risks to the plaintiffs of testifying, the court notes that counsel has not provided affidavits from plaintiffs reflecting that those risks have been explained to them and waived.

With respect to the third argument, regarding the indefiniteness of the stay, the court observes that the matter is not stayed indefinitely, but only until any investigation is concluded. However, the court acknowledges that this is not a date certain. Accordingly, the court will consider a renewed motion to stay six months from the date of entry of this order, at which time the court will reassess based on the circumstances prevailing at that time. Therefore,

**IT IS HEREBY ORDERED** that plaintiffs' **Motion for Reconsideration** (Rec. Doc. 34) is **DENIED**.

New Orleans, Louisiana, this __19th__ day of August, 2020.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**